RILEY A. CLAYTON
Nevada Bar No. 005260
rclayton@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702)316-4114

*Attorneys for Defendants,*
*State Farm Mutual Automobile Ins. Co.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WENDY EVELAND-BLACK, individually, <br><br> Plaintiff, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an entity licensed to do business in Nevada; DOES I through X; and ROE CORPORATIONS XI through XX, inclusive, <br><br> Defendants. | CASE NO.: <br><br><br> **PETITION FOR REMOVAL** |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEVADA

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through

its attorneys, Hall Jaffe & Clayton, LLP, hereby removes this action to the United States District Court

for the District of Nevada.

The basis of removal is as follows:

1.     This Court has original jurisdiction over the subject matter of this action under the

provisions of 28 U.S.C. § 1332 in that there is complete diversity between the parties and more than

$75,000 in controversy, exclusive of interest and costs.

2.     State Farm is a defendant in the above-entitled action now pending in the Eighth Judicial

District Court, Clark County, Nevada, Case No. A-18-775390-C. State Farm is an Illinois corporation

with its principal place of business in that state, and is authorized to transact insurance under the laws of

the State of Nevada.  Plaintiff, Wendy Eveland-Black (hereinafter "Plaintiff"), is a citizen of the state of Nevada.

3.      With respect to the amount in controversy, the allegations in the complaint coupled with the documents contained in the claims file, all of which are fully included by reference herein, establish an amount in controversy is in excess of $75,000.  This case stems from an 2012 rear end accident, which Plaintiff characterizes in her complaint as a "serious motor vehicle collision."  Plaintiff claims that she was seriously injured as a result of the accident, and that she underwent chiropractic treatment, received multiple MRIs, and then ultimately underwent lumbar facet injections and cervical transforaminal epidural steroid injections.  The complaint indicates that Plaintiff has incurred over $53,700 in medical specials.  The Plaintiff demanded the $50,000 UIM limit from State Farm.  State Farm has not paid any amount under its UIM policy.  The complaint seeks the $50,000 amount in UIM coverage for breach of contract; plus additional damages in excess of $15,000 for allegedly violating the implied covenant of good faith and fair dealing; plus additional damages in excess of $15,000 for allegedly violating NRS 686A.310; plus unspecified exemplary or punitive damages.

Respectfully, the allegations in the complaint, coupled with the documents contained in the claims file, which is incorporated in full by this reference, confirm that there is an amount in controversy well in excess of the federal diversity jurisdiction threshold, i.e., at least $80,000, not including punitive damages.  *See e.g., Hunter v. United Van Lines*, 746 F.2d 635 (9th Cir. 1984) (holding that in cases involving a single plaintiff, the aggregate value of the plaintiff's claims may be used to meet the $75,000 amount in controversy requirement).  As such, removal to federal court based upon diversity jurisdiction grounds is appropriate.

According to *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d. 1143 (D. Nev. 2004), this Court may also consider insurance bad faith verdicts in Nevada as further evidence in establishing the requisite amount in controversy.  Representative verdicts include: *Tracy v. American Family*, 2:09-cv-01257-GMN-PAL (in a September 2010 insurance bad faith case, the jury just awarded $50,000 for breach of contract, and then awarded an additional $150,000 in "general damages" for violation of NRS 686A.310; no award for punitives); *Republic Ins. Co. v. Hires*, 107 Nev. 317 (1991) (in an insurance bad faith case, the jury awarded $450,000 for compensatory damages and $22.5 million for punitive

damages); *Guaranty Nat'l v. Potter*, 112 Nev. 199 (1996) (in an insurance bad faith case, the jury awarded $75,000 for general compensatory damages even though the insureds were "out-of-pocket" only $4,000; and awarded punitive damage award of $1,000,000); *Albert H. Wholers & Co. v. Bartgis*, 114 Nev. 1249 (1998) (in an insurance bad faith case, the jury awarded $8,757 for "out-of-pocket" damages; $750,000 for general damages; and $7,500,000 in punitive damages against the insurance company); *Merrick v. Paul Revere Life*, 594 F. Supp. 2d 1168 (D. Nev. 2008) (in an insurance bad faith case, the jury awarded $30,000,000 in punitive damages). When all of this evidence is taken together, it is clear that the amount in controversy requirement has been met. As such, removal to federal court based upon diversity jurisdiction grounds is appropriate.

4. The Notice of Removal is timely. Service of the Complaint upon State Farm was effected by service upon the Commissioner of Insurance of the State of Nevada on June 28, 2018.

5. Copies of Plaintiff's Complaint, Summons, and Proof of Service, with respect to State Farm are attached hereto as "Exhibit A – Summons, Complaint and Service Docs." This constitutes all of the papers and pleadings served on State Farm.

6. State Farm has concurrently filed a copy of this Petition of Removal with the Clark County District Court Clerk, and has served a copy of this upon Plaintiff.

Based on the foregoing, Defendant State Farm hereby removes the above action now pending in District Court, Clark County, Nevada, Case No. A-18-775390-C, to this Court.

DATED this 27th day of July, 2018.

HALL JAFFE & CLAYTON, LLP

By _____
RILEY A. CLAYTON
Nevada Bar No. 005260
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Defendant,*
*State Farm Mutual Automobile Ins. Co.*

3

1

## CERTIFICATE OF E-SERVICE

2     Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify under penalty of

3  perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the ___27th___ of July,

4  2018, the foregoing **PETITION FOR REMOVAL**, was served upon the parties via the Court's e-filing

5  and service program, addressed as follows:

6                                  Mark G. Henness, Esq.
                                   Jacob S. Smith, Esq.
7                                  HENNESS & HAIGHT
                                   8972 Spanish Ridge Avenue
8                                  Las Vegas, Nevada 89148

9                                  *Attorneys for Plaintiff*

10

11                      _____

12                                  An Employee of
                            HALL JAFFE & CLAYTON, LLP

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**"Exhibit A – Summons and Service Docs."**

**"Exhibit A – Summons and Service Docs."**

Electronically Issued
6/28/2018 9:33 AM



# DISTRICT COURT
# CLARK COUNTY, NEVADA

WENDY EVELAND-BLACK, individually,

        Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an entity licensed to
do business in Nevada; DOES I through X; and
ROE CORPORATIONS, XI through XX,
inclusive,

        Defendants.

Case No.: A-18-775390-C
Dept. No.:    XXX

**S U M M O N S**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT: A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the date of service, you must do the following:

        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

        b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint

    3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

HENNESS & HAIGHT

By: _____ #12829
JACOB S. SMITH, ESQ.
Nevada Bar No. 10231
8972 Spanish Ridge Avenue
Las Vegas, NV 89148
(702)-862-8200
*Attorneys for Plaintiff*

6/28/2018

CLERK OF COURT

By: _____
Deputy Clerk
County Courthouse
200 Lewis Avenue
Las Vegas, NV 89101

Ondina Amos

RECEIVED

JUN 2 0 2018

DIVISION OF INSURANCE
STATE OF NEVADA

Electronically Filed
5/31/2018 4:20 PM
Steven D. Grierson
CLERK OF THE COURT

1  COMP
   MARK G. HENNESS, ESQ.
2  Nevada Bar No. 5842
   JACOB S. SMITH, ESQ.
3  Nevada Bar No. 10231
   HENNSS & HAIGHT
4  8972 Spanish Ridge Avenue
   Las Vegas, Nevada 89148
5  (702) 862-8200
6  *Attorneys for Plaintiff*

7

8                         **DISTRICT COURT**

9                      **CLARK COUNTY, NEVADA**

10  WENDY EVELAND-BLACK, individually,          Case No.:        A-18-775390-C
                                                Dept. No.:
11              Plaintiffs,                                       Department 30
12  vs.
13  STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY, an entity licensed
14  to do business in Nevada; DOES I through X;
    and ROE CORPORATIONS, XI through XX,
15  inclusive,
16
                Defendants.
17

18                         **COMPLAINT**

19       COMES NOW, Plaintiff, WENDY EVELAND-BLACK, by and through her attorneys,

20  MARK G. HENNESS, ESQ. and JACOB S. SMITH, ESQ., of the law firm of HENNESS &

21  HAIGHT, and for her causes of action against Defendants, and each of them, allege as follows:

22
23       1.      That at all times relevant hereto, Plaintiff, WENDY EVELAND-BLACK

24  ("Plaintiff"), was a resident of the County of Clark, State of Nevada.

25       2.      That all of the material facts and circumstances that give rise to the subject lawsuit

26  occurred in the County of Clark, State of Nevada.

27  ///

28

                              - 1 -

3.      That at all times relevant hereto, Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, was and is a duly licensed business entity authorized to conduct business in Nevada as an insurance company and conducting said business in Nevada, including offering for sale insurance products, such as the policy of insurance sold to Plaintiff, for the benefit of Plaintiff as more fully set forth below.

4.      Plaintiff's Complaint states a controversy over which this Honorable Court has jurisdiction and venue is properly in this Court as Plaintiff is a resident of Clark County, Nevada; Defendant does business within Clark County, Nevada; the relevant policy of insurance was underwritten and covered Plaintiff for her use of the motor vehicle in Clark County, Nevada; the relevant policy of insurance was written to insure, *inter alia*, against loss to Plaintiff in Clark County, Nevada; the loss, injuries and damages incurred by Plaintiff that underlie the claim against Defendants occurred while Plaintiff was in Clark County, Nevada; and benefits due from the policy of insurance and damages claimed by Plaintiff were due and payable in Clark County, Nevada.

5.      That the identities of the Defendant DOES I through X, and ROE Corporations XI through XX are unknown at this time and may be insurance agents, individuals, partnerships or corporations.  Plaintiff alleges that each of the Defendants designated herein as DOES I through X and ROE Corporations XI through XX are responsible in some manner either through their individual acts or negligent omissions for the damages herein alleged.  Plaintiff will request leave of the Court to amend this Complaint to name the identity of the additional DOE and ROE Defendants when their identities become known.

///

///

- 2 -

## **FACTS OF THE DISPUTE**

6.      Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 5 above and incorporates the same by reference as though the same were fully set forth herein.

7.      That prior to November 6, 2012, in Clark County, Nevada, Plaintiff entered into an insurance contract with Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, bearing policy number C06060128G (the "policy"), whereby Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY agreed to provide Plaintiff with, among other coverages, $50,000 per person / $100,000 per accident in Underinsured Motorist Protection benefits; and in reliance upon Defendant's representations, Plaintiff purchased said underinsured motorist policy from Defendant, and that on November 6, 2012, said coverage was in force.

8.      As a policy holder of STATE FARM AUTOMOBILE INSURANCE COMPANY, Plaintiff was insured within Nevada Revised Statutes §686a.310, *inter alia*.

9.      That on November 6, 2012, Plaintiff was involved in a serious motor vehicle collision as the sole result of the negligence of non-party tortfeasor, Rose Cutlip, an underinsured motorist as per the definition of such in said insurance contract.

10.     As a direct and proximate result of said collision, Plaintiff suffered serious and permanent injuries.

11.     At the time of the subject collision, non-party tortfeasor, Rose Cutlip, was an underinsured driver.

12.     As a further direct and proximate result of said collision, Plaintiff incurred expenses for medical care and treatment.

13.    At the time of the subject collision, Plaintiff was insured by Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, sued herein, according to the above-described contract, and other policies issued by DOES I through X, and Roe Corporations XI through XX which provided Plaintiff various forms of motor vehicle coverage, including benefits for compensation resulting from injuries and damages caused by underinsured motorists.

14.    That by contract, Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, is obligated to fully compensate Plaintiff for the harms and losses she sustained in the subject motor vehicle collision, up to the limits of her coverage as noted in Paragraphs 7 and 8.

15.    Following the collision, Plaintiff timely presented Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, with all of her collision-related medical records and bills and made a request for contractual underinsured motorist policy benefits from Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY.

16.    When Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY evaluated Plaintiff's claim, it subsequently made no offer to Plaintiff for underinsured motorist protection benefits to resolve her claim, which is insufficient to compensate her for her losses.

17.    That Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, chose to retain doctors to review the medical records of Plaintiff and/or perform medical examinations of Plaintiff, which doctor(s) Defendant had reason to believe would provide certain medical opinions which would support Defendant's pre-determinations as to Plaintiff's claims.

- 4 -

18.    That Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, owed and still owes to Plaintiff the highest of duties in considering her claim for underinsured motorist benefits, which claims Plaintiff incurred as a result of disabling personal injuries, which she sustained as a result of a car collision, as set forth herein.  Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, was and is obligated under the policy issued to Plaintiff and by Nevada law to give at least equal consideration to Plaintiff's interests as to its own interests.

19.    That as a result of Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY's limited, self-serving investigation, and other conduct, Defendant is in breach of the Insurance contracts between the parties and said breach has resulted in damages incurred by Plaintiff in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00) in an amount to be determined at trial.

20.    That as of the date of filing, Plaintiff had incurred medical expenses amounting to $53,700.06, as a direct result of the November 6, 2012 collision.

### FIRST CLAIM FOR RELIEF

(Breach of Covenant of Good Faith/Insurance Bad Faith)

21.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 20 above and incorporates the same by reference as though fully set forth herein.

22.    That Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, breached the inherent duty of good faith and fair dealing owed to Plaintiff when it chose not to evaluate Plaintiff's claims reasonably and in good faith.

23.    That Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, and/or its agents, also breached the duty known as the "special relation duty" owed by insurer to

its insured constituting the tort of insurance bad faith, when it chose <u>not</u> to reasonably, properly, fairly, and timely evaluate and tender reasonable underinsured motorist policy benefits owed to Plaintiff, as provided for by the policy of insurance.

24.     That as a proximate result of the unreasonable and wrongful conduct of Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, and each of them, Plaintiff has suffered financial damages, anxiety, worry, mental and emotional distress and other incidental damages all to Plaintiff's general damage in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

25.     Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY's conduct described herein was intended to cause injury to Plaintiff, and was despicable conduct carried on by Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY; was done with a willful and conscious disregard of Plaintiff's rights, subjecting Plaintiff to cruel and unjust hardship; and was an intentional misrepresentation, deceit, or concealment of material facts known to Defendant with the intention, implied or in fact, to deprive Plaintiff of property, legal rights, or to otherwise oppress and/or cause injury, such as to constitute malice, oppression, or fraud within Nevada Revised Statutes 42.005, entitling Plaintiff to punitive and/or exemplary damages in an amount sufficient to punish or set an example of Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY.

<u>**SECOND CLAIM FOR RELIEF**</u>

(Violation of Unfair Claim Practices Act)

26.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 25 above and incorporates the same by reference as though fully set forth herein.

- 6 -

27.    Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, is a member of the class of entities intended to be regulated by Nevada Revised Statutes 686A.310, *et seq.*

28.    Plaintiff is a member of the class of persons sought to be protected by Nevada Revised Statutes 686A.310, *et seq.*

29.    By the aforesaid acts and omissions, Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, has violated its statutory duties contained within Nevada Revised Statutes 686A.310, *et seq.* by, among other things:

a.    Misrepresenting to Plaintiff pertinent facts or insurance policy provisions relating to the coverage at issue;

b.    Choosing not to acknowledge and/or act promptly upon communications with respect to claims arising under the Policy;

c.    Choosing not to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies;

d.    Choosing not to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured;

e.    Choosing not to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear;

f.    Compelling Insureds to litigate to recover benefits due under Policies;

g.    Choosing not to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable Nevada law, for the denial of the claim or for a reasonable offer to settle or compromise the claim; and

h. Choosing to retain doctors to review Plaintiff's medical records and/or perform medical examinations while having reason to believe that the chosen doctors would not be objective in their opinions;

30. Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY's conduct described herein was intended to cause injury to Plaintiff, and was despicable conduct carried on by Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, with a willful and conscious disregard of Plaintiff's rights, subjecting Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights and was an intentional misrepresentation, deceit, or concealment of material facts known to Defendant with the intention, implied or in fact, to deprive Plaintiff of property, legal rights, or to otherwise oppress and/or cause injury, such as to constitute malice, oppression, or fraud within Nevada Revised Statutes 42.005, entitling Plaintiff to punitive and/or exemplary damages in an amount sufficient to punish or set an example of Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract)

31. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 30 above and incorporates the same by reference as though fully set forth herein.

32. At all relevant times, Plaintiff paid all premiums due and fulfilled all contractual duties and obligations required of her within the policy. Plaintiff was an insured within the respective policy. Plaintiff did nothing to disqualify herself for coverage within the policy.

33. Despite the policy being in full force and effect at the time of the subject collision on November 6, 2012, Defendant, STATE FARM AUTOMOBILE INSURANCE

- 8 -

COMPANY, failed to adequately investigate Plaintiff's claim and now refuses to pay benefits owed to Plaintiff.

34.     As a direct and proximate result of Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY'S conduct and material breach of the respective policies, Plaintiff was compelled to retain counsel to file this Complaint to obtain the benefits of the contracts negotiated by the parties within the policy and specifically for the benefits long overdue to Plaintiff.

35.     Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY, is liable to Plaintiff for the attorneys' fees and costs incurred by Plaintiff in bringing this Complaint to enforce the terms of the Policy.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

1.     For contractual damages up to the amount of the underinsured motorist policy limits applicable to Plaintiff;

2.     For general damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

3.     For medical and incidental expenses incurred and to be incurred resulting from the subject collision caused by the underinsured driver;

4.     For exemplary and punitive damages in an amount sufficient to punish or make an example of Defendant, STATE FARM AUTOMOBILE INSURANCE COMPANY; and

///

///

5.      For such other and further relief as the Court deems is just and proper.

DATED this __31__ day of May, 2017.

HENNESS & HAIGHT

_____

MARK G. HENNESS, ESQ.
Nevada Bar No. 5842
JACOB S. SMITH, ESQ.
Nevada Bar No. 10231
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*

- 10 -

*CERTIFIED MAIL*

7016 3010 0000 0486 4590

3813
STATE OF NEVADA
DIVISION OF INSURANCE
3300 W. Sahara Avenue, Suite 275
Las Vegas, Nevada 89102

CSC SERVICES OF NEVADA INC
2215B RENAISSANCE DR
LAS VEGAS NV 89119-6727



## CSC

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 18389077**
**Date Processed: 07/03/2018**

**Primary Contact:**  State Farm Enterprise SOP
Corporation Service Company- Wilmington, DELAWARE
251 Little Falls Dr
Wilmington, DE 19808-1674

| | |
|---|---|
| **Entity:** | State Farm Mutual Automobile Insurance Company<br>Entity ID Number  3461675 |
| **Entity Served:** | State Farm Mutual Automobile Insurance Company |
| **Title of Action:** | Wendy Eveland-Black vs. State Farm Mutual Automobile Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Clark County District Court, Nevada |
| **Case/Reference No:** | A-18-775390-C |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 07/03/2018 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | NV Department of Business and Industry on 06/28/2018 |
| **How Served:** | Certified Mail |
| Sender Information: | Jacob S. Smith<br>702-862-8200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

BRIAN SANDOVAL
*Governor*

## STATE OF NEVADA

C.J. MANTHE
*Director*

BARBARA D. RICHARDSON
*Commissioner*



### DEPARTMENT OF BUSINESS AND INDUSTRY
### DIVISION OF INSURANCE
3300 West Sahara Avenue, Suite 275
Las Vegas, Nevada 89102-3203
(702) 486-4009   •   Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

July 2, 2018

State Farm Mutual Automobile Insurance Company
c/o CSC Services of Nevada, Inc.
2215 Renaissance Dr., Ste. B
Las Vegas, NV 89119-6727

RE:   Wendy Eveland-Black vs. State Farm Mutual Automobile Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-18-775390-C

Dear Sir or Madam:

Enclosed please find the following documents: Summons and Complaint. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on June 28, 2018.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

If you have any questions regarding this service, please advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By:   RHONDA KELLY
Service of Process Clerk

Enclosures

c:   Jacob S. Smith, Esq.

**PROOF OF SERVICE**

I hereby declare that on this day I served a copy of the Summons and Complaint upon the following defendant in the within matter, by shipping a copy thereof, via Certified mail, return receipt requested, to the following:

> State Farm Mutual Automobile Insurance Company
> c/o CSC Services of Nevada, Inc.
> 2215 Renaissance Dr., Ste. B
> Las Vegas, NV 89119-6727
> CERTIFIED MAIL NO. 7016 3010 0000 0486 4590

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 2nd day of July, 2018.

RHONDA KELLY
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE:   Wendy Eveland-Black vs. State Farm Mutual Automobile Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-18-775390-C

State of Nevada, Division of Insurance
This document on which this certificate
is stamped is a full, true and correct
copy of the original.

Date: 7/2/18        By: Rhonda Kelly

-1-

BRIAN SANDOVAL
*Governor*

**STATE OF NEVADA**

C.J. MANTHE
*Director*

BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
**DIVISION OF INSURANCE**
3300 West Sahara Avenue, Suite 275
Las Vegas, Nevada 89102-3203
(702) 486-4009   •   Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

July 2, 2018

Jacob S. Smith, Esq.
HENNESS & HAIGHT
8972 Spanish Ridge Ave.
Las Vegas, NV 89148

RE:   Wendy Eveland-Black vs. State Farm Mutual Automobile Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-18-775390-C

Dear Mr. Smith:

The Division received the service of process documents on June 28, 2018, regarding the above-entitled matter. Service has been completed on State Farm Mutual Automobile Insurance Company this date and enclosed are the following:

1.   A copy of our letter to State Farm Mutual Automobile Insurance Company dated July 2, 2018;
2.   A certified copy of the Proof of Service dated July 2, 2018; and
3.   Your receipt in the amount of $30.00.

Pursuant to *Nevada Revised Statutes (NRS)* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

If you have any questions regarding this service, please so advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By:   *Rhonda Kelly*
RHONDA KELLY
Service of Process Clerk

Enclosures

c:   State Farm Mutual Automobile Insurance Company